STATE of Iowa, Appellee,

v.

Richard Thomas STELTZER, a/k/a Richard Thomas Dawson, Appellant.

No. 63114.

Supreme Court of Iowa.

Feb. 20, 1980.

Leslie Babich, Mark W. Bennett, and Steven C. Jayne, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Jeanine Freeman, Asst. Atty. Gen., and John W. Criswell, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant, Richard Thomas Steltzer, also known as Richard Thomas Dawson, appeals his jury trial convictions of kidnapping in the first degree in violation of sections 710.-1–.2 and of sexual abuse in the second degree in violation of sections 709.1 and .3, The Code 1979. He claims error in the admission of certain alleged hearsay testimony, error in allowing the prosecutrix to testify, and ineffective assistance of counsel. We affirm.

Defendant was charged with kidnapping, sexual abuse and robbery as a result of a single incident. On the evening of October 21, 1978, passing motorists found the female victim, Lillian, age 21, in a ditch near a country road partially dressed with her hands tied. At trial she testified in detail concerning her abduction by defendant, who was a casual acquaintance. She stated that defendant took her, against her will, in his truck to a cornfield and subjected her to various acts of sexual abuse. He then took her to a nearby recreational area, tied her to a tree and abandoned her there.

Defendant denied the incident and testified that on the afternoon and evening in question he had driven to Lineville, Missouri, looking for truck parts, but returned without talking to anyone when he was unable to locate the man who was to sell him the parts.

Other facts will be stated later as necessary for an understanding of the issues raised for review.

*I. Hearsay.* Defendant contends that statements made by the victim in her sleep constituted inadmissible hearsay when related at trial by the victim's mother.

The attack on Lillian occurred in the afternoon of October 21. She was found in a ditch about 7:00 p. m. After being medically examined and answering questions, she was returned to her home about 10:30 p. m.

Lillian's mother testified on direct examination by the State that after returning home on the night of the attack Lillian screamed in her sleep, "Richard, leave me alone." Defendant then objected to the answer as hearsay and not responsive to the question asked. No motion to strike the testimony was made and the court overruled the objection. The mother further testified, without objection, that on the subsequent two or three nights Lillian continued to scream in her sleep "for him to let her alone and leave her be." The person alluded to was not further identified.

We have said:

[W]hen an objection is made after an answer to a question is in the record, in order for the objection to be adequate, a motion to strike must be made, application must be made to have the objection precede the answer, or an excuse offered for the delay in objecting to the evidence.

*State v. Reese,* 259 N.W.2d 771, 775 (Iowa 1977); *State v. Hinkle,* 229 N.W.2d 744, 748 (Iowa 1975); *cf. Crane v. Cedar Rapids and Iowa City Railway Company,* 160 N.W.2d 838, 846 (Iowa 1968), *aff'd,* 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969) (where a hearsay objection to testimony by a witness follows the answer and the objecting party does not state reasons for the belated objection and does not move to strike the answer, the answer remains in the record for consideration even if the hearsay objection is sustained).

Without a motion to strike, the trial court is not advised of the nature of the error claimed nor is it provided with an opportunity to correct any error committed. *State v. Reese,* 259 N.W.2d at 775.

No error has been preserved for review as to Lillian's dream statement on the night of October 21.

■ In addition, because defendant did not object to the mother's testimony relating what Lillian said in her sleep on the subsequent two or three nights, no error has been preserved for our review. there either. This allegation of error may not be heard for the first time on appeal. *State v. Mark*, 286 N.W.2d 396, 414 (Iowa 1979); *State v. Jump*, 269 N.W.2d 417, 430 (Iowa 1978).

No error appears in defendant's first assignment.

*II. Mental competency of the victim to testify.* Defendant claims the victim lacked sufficient mental capacity to qualify as a competent witness and should not have been allowed by the court to testify.

Prior to Lillian's testimony, her mother testified that Lillian knew right from wrong but was a little slow in learning, could not tell time, and had attended special education classes without advancing beyond the tenth or eleventh grade. The court did not conduct an independent inquiry to determine whether or not the victim lacked sufficient mental capacity to testify. Defense counsel did not object to her trial testimony on the basis of lack of her competency. Defendant first raised the issue of her competency by motion for new trial and motion in arrest of judgment. The motions were overruled.

■ Defendant did not preserve any error in relation to Lillian's competency to testify. Objections should be raised at the earliest time at which error became apparent in order to properly preserve error. *See State v. Reese*, 259 N.W.2d at 775. Motion for new trial ordinarily is not sufficient to preserve error where proper objections were not made at trial. *Dutcher v. Lewis*, 221 N.W.2d 755, 758 (Iowa 1974); *see also State v. Harvey*, 242 N.W.2d 330, 335 (Iowa 1976).

As an alternative argument, defendant says the testimony of the mother concerning the capabilities of her daughter, Lillian, coupled with the ability of the trial court to observe the victim's demeanor and behavior on the stand, placed on the trial court, sua sponte, a responsibility to determine if she was mentally capable to testify at trial. Defendant, therefore, claims the court erred in allowing Lillian to testify. Defendant cites no authority that supports this exact proposition.

We have said that where no objection was made at the time the witness was offered and the witness testified, and where the appellant was fully aware the witness would appear at trial and was in a position to challenge the witness's competency when she was offered, the objection to the competency of the witness will be deemed waived. *State v. Beckner*, 197 Iowa 1252, 1254, 198 N.W. 643, 644 (1924).

While the court determines the competency of a witness when so required by a proper objection, we find no rule of law commanding the trial court, sua sponte, to determine a witness's competency to testify. However, we reserve that question for another time.

Assuming without deciding the trial court is required to address a witness's competency sua sponte, we will consider the merits of defendant's claim.

For several reasons we believe Lillian was competent to testify and no error occurred on this issue. First, section 622.1, The Code 1979, states that "Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, except as otherwise declared." In *State v. Harvey*, 242 N.W.2d at 335, we stated additional criteria to be utilized in determining whether a witness is to be excluded due to lack of testimonial qualification as follows:

First, it must be determined whether the witness has observed the incident about which he proposes to testify and has received some impressions which he seeks to relate in court; second, whether the witness has a recollection of those impressions resulting from his observation which fairly corresponds with or reproduces the original knowledge or observation; and third, whether he is able to communicate this recollection to the tribunal. In the absence of any one of these

elements the witness's testimony cannot be believed.

We also said:

.Competency of a witness to testify under [section 622.1] or his capacity of communication has two aspects: (1) the mental capacity to understand the nature of the questions put and to form and communicate intelligent answers thereto and (2) the moral responsibility to speak the truth, which is the essence of the nature and obligation of an oath.

*Id.* at 336.

■ Although the victim had difficulty learning, the record shows she observed the incident, testified in detail regarding it, and clearly identified defendant as her attacker. She understood the questions asked and answered them intelligently.

Also, in overruling defendant's post-trial motions, the court stated:

The .complaining witness was not so retarded or mentally deficient that her testimony could be disregarded as far as the court is concerned. She knew the defendant; identified him. Certainly she was abused from the testimony of other witnesses who found her lying alongside the road tied up in an inhuman manner. The defendant was not a stranger to her. She had known him before and immediately identified him for the authorities and identified him in the court room for the jury, and the Court feels that under all the record it was a question for the jury to determine whether her testimony was believable or not and, as I have already indicated, there was certainly other evidence to corroborate the fact that this assault had been committed.

We hold the record shows the section 622.1 requirements and those set forth in *Harvey* were satisfied in relation to Lillian's competency to testify. *State v. Harvey*, 242 N.W.2d at 336. No error exists here even if the merits of defendant's claim were properly before us.

*III.  Ineffective assistance of counsel.* Defendant claims he was denied effective assistance of counsel prior to this appeal.

One week prior to trial, at defendant's request, his first court-appointed attorney was replaced by a second appointed attorney. A third counsel now represents him on appeal. Following trial, defendant was acquitted of the robbery charge and found guilty on the kidnapping and sexual abuse charges.

Defendant, in his appeal brief, for the first time cites numerous omissions of trial and pretrial counsel, which allegedly constitute ineffective assistance of counsel. These include alleged failure to preserve error on the issue discussed in division II.

■ The sixth amendment, United States Constitution, right to counsel, means the right to the effective assistance of an attorney. *Cleesen v. State*, 258 N.W.2d 330, 332 (Iowa 1977). The right to the effective assistance of counsel is extended to indigent defendants as well as to persons able to afford private counsel. *State v. Kellogg*, 263 N.W.2d 539, 543–44 (Iowa 1978). In evaluating claims of ineffective assistance of counsel, our standard for judging the quality of representation accorded a criminal defendant, who challenges the competency of his attorney, is " '(whether in all the circumstances counsel's performance was within the range of normal competency.' Defendant has the burden of proving ineffectiveness of counsel." *State v. Veverka*, 271 N.W.2d 744, 750 (Iowa 1978) (citations omitted).

■ "This type of ineffective assistance issue ordinarily requires an evidentiary, adversary hearing." *State v. Smith*, 282 N.W.2d 138, 143 (Iowa 1979). The question of defendant's previous counsel's competency is more properly presented on an application for postconviction relief. *Id.* at 143–44; *State v. O'Connell*, 275 N.W.2d 197, 205–06 (Iowa 1979). This is appropriate here where defendant makes numerous complaints concerning the handling of his case. Such a hearing would allow opportunity to more fully develop the record to show "all the circumstances" including any not in the present record, concerning strategy and reasons involved in counsel's performance. *State v. Williams*, 285 N.W.2d 248, 271 (Iowa 1979).

We affirm the judgments but without adjudicating the issue of defense counsel's competency. Defendant's right to raise that question by postconviction proceedings is reserved except for the issue considered in division II. We intimate no conclusion as to any other allegation now made by defendant relative to his previous counsel.

AFFIRMED.