COMMONWEALTH vs. CORNELIUS CARTER.

Suffolk. March 11, 1980. — May 6, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Witness*, Expert. *Evidence*, Expert opinion, Hearsay.

At the trial of a defendant charged with assault with intent to rape and indecent assault and battery on an eleven year old mildly retarded girl, the judge did not abuse his discretion in admitting an expert's testimony as to the function of "reality testing" or in admitting his opinion relating to the imagination of children. [681]

There was no merit to a defendant's contention that an expert was improperly allowed to testify to hearsay where it appeared that the judge struck the hearsay portion of the expert's answer and the jury were instructed not to consider the hearsay. [681-682]

At a criminal trial, the judge's admonition to the jury to disregard an expert's testimony that the victim was telling the truth and his later instruction on the same matter in his charge were given with sufficient force and clarity to cure any prejudice to the defendant arising from the improper testimony. [682]

INDICTMENTS found and returned in the Superior Court on May 8, 1978.

The cases were tried before *Chmielinski, J.*

*Hugh W. Samson* for the defendant.

*Mark Newman*, Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant appeals from convictions on two indictments which charged assault with intent to rape a child and one which charged indecent assault and battery on a child under the age of fourteen. The evidence was sufficient for the jury to find that the victim was an eleven year old girl who was mildly retarded, and to support the verdicts of guilty. The defendant raises three issues on appeal; all concern the testimony of an expert witness. There was no error.

1. A pediatrician who had had extensive experience in cases of child abuse testified to his examination of the victim. In the course of his direct testimony he responded affirmatively when asked whether the term "reality testing" had any meaning to him. When asked what it meant to him, he testified, "It means the way children see the world as opposed to some type of fantasy image, and that children can differentiate what is real from what isn't real." He was also permitted to testify to the relationship of "reality testing" to retarded children. He testified to the effect that the more limited one's intelligence the more limited one's imagination. There was no abuse of discretion in admitting the doctor's testimony as to the function of the test or in admitting his opinion relating to the imagination of children. *Commonwealth* v. *Boyd*, 367 Mass. 169, 182-183 (1975). *Commonwealth* v. *Seit*, 373 Mass. 83, 92 (1977). *Commonwealth* v. *Campbell*, 378 Mass. 680, 704 (1979).

2. The defendant argues that the doctor was improperly allowed to testify to hearsay in the following exchange:

"Q: And based upon your experience, Doctor, what would be your opinion as to her [the complainant's] reality testing? [Objection and exception]

"A: The record shows that she was, the other people that have seen her, her counselors, have always been impressed at her reality, that she does not fantasize.

"Q: What is your opinion based on?

"COUNSEL FOR THE DEFENDANT: Excuse me. I'd ask that be stricken.

"THE JUDGE: That last may be stricken."

To the extent that the doctor testified to the counselors' impressions, his response was hearsay. The part of the answer, "she does not fantasize," was responsive to the question and was a proper statement of expert opinion. The ruling of the judge can be taken to mean that he struck the entire answer or, more probably, only the hearsay portion of it. We have no reason to believe that the judge intended to strike a valid statement of expert opinion and spare testimony which was obviously hearsay. On either construction

of the judge's ruling, the jury were instructed not to consider the hearsay. Defense counsel must have been impressed that this was the effect of the ruling, as he did not except to it or ask that it be clarified.

3. When asked to give his opinion as to "reality testing" the doctor testified, "It was my impression that she was telling me the truth." The judge denied the defendant's motion to strike the answer. The motion should have been allowed. After a short cross-examination of the doctor, a luncheon recess was taken. When court reconvened the judge, having recognized the error, clearly and forcefully instructed the jury to disregard that testimony and told them, among other things, that "[t]he doctor's opinion in that respect means absolutely nothing. It's your opinion and your assessment, or your evaluation of the witnesses' testimony that has to govern in this case, and as I say, the doctor's opinion in this case should be totally disregarded by you." He also specifically reinstructed the jury on this matter in his charge. The defendant argues that these instructions were insufficient to cure the prejudice. We consider the judge's action to have been taken sufficiently close to the time the jury heard the testimony and to have been given with sufficient force and clarity to eradicate the error. See *Commonwealth* v. *Hoffer*, 375 Mass. 369, 372-373 (1978).

*Judgments affirmed.*