COMMONWEALTH *vs.* CORNELIUS C. CARTER. March 4, 1981. Following the convictions on two indictments charging assault with intent to rape a child under sixteen, G. L. c. 265, § 24B, and on one indictment charging indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B, the defendant appealed. The Appeals Court affirmed the judgments. *Commonwealth* v. *Carter,* 9 Mass. App. Ct. 680 (1980). The defendant sought further appellate review claiming that a pediatrician with extensive experience in child abuse should not have been permitted to testify to the complainant's "reality testing."

Carter rests his argument on the basic principle that an expert testifying as to the results of a scientific test must first satisfy the court that the test is generally reliable and that it will not mislead the jury. See *Commonwealth* v. *Vitello,* 376 Mass. 426, 440-447 (1978); *Commonwealth* v. *Lykus,* 367 Mass. 191, 196 (1975).

We believe that the defendant misconstrues the expert's testimony on "reality testing." The physician nowhere implied that the term "reality testing" referred to an actual test that was, or might have been, administered to the complainant in this case. Rather, the expert stated that the term "reality testing" is used to describe a person's ability to "see the world as opposed to some type of fantasy image," and to "differentiate what is real from what isn't real." As we read the record we think it clear that "reality testing" was used to describe the complainant's ability to make an "objective evaluation and judgment of the external world," J. Chaplin, Dictionary of Psychology 443 (rev. ed. 1975).[1] The term "reality testing" has been used in that sense in numerous cases. See, e.g., *United States* v. *Ecker,* 543 F.2d 178, 190 (D.C. Cir. 1976), cert. denied, 429 U.S. 1063 (1977); *United States* v. *Robertson,* 507 F.2d 1148, 1155 (D.C. Cir. 1974); *United States* v. *Ingman,* 426 F.2d 973, 977 (9th Cir. 1970); *Henderson* v. *United States,* 360 F.2d 514, 516 (D.C. Cir. 1966) (Bazelon, C.J., concurring); *Heinitz* v. *Califano,* 428 F. Supp. 940, 945 (W.D. Mo. 1977); *People* v. *Davis,* 65 Ill. App. 3d 580, 586 (1978).

After oral argument, the defendant, by letter, asked that we consider an additional claim of error based on the judge's denial of the defendant's oral motion that the Commonwealth not be allowed to impeach him by a prior conviction for statutory rape. Assuming, without deciding, that a

[1] Similar definitions may be found in H.B. English & A.C. English, A Comprehensive Dictionary of Psychological and Psychoanalytical Terms 443 (1958) ("active experimenting and checking . . . [t]hrough [which] the child gradually learns to distinguish between himself and external reality"), and in Berne, Ego, in 2 The Encyclopedia of Mental Health 517 (A. Deutsch ed. 1963) ("The process by which the ego makes its judgments is called reality testing").

litigant may raise an issue for the first time on further appellate review without petitioning the Appeals Court, there was no error in the denial of the defendant's motion to exclude use of his prior record for impeachment purposes. See *Commonwealth* v. *Tabor,* 376 Mass. 811, 824-825 (1978), and cases cited; *Commonwealth* v. *Leno,* 374 Mass. 716, 717 (1978); *Commonwealth* v. *Chase,* 372 Mass. 736, 749 (1977). See discussion, *Commonwealth* v. *Diaz, ante* 73 (1981).

*Judgments affirmed.*

*Hugh W. Samson* for the defendant.
*Mark Newman,* Assistant District Attorney, for the Commonwealth.