**STATE of Iowa, Appellee,**

v.

**Earl Franklin BROTHERTON, Appellant.**

No. 84–1646.

Supreme Court of Iowa.

March 19, 1986.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Joseline L. Greenley, Co. Atty., for appellee.

SCHULTZ, Justice.

Defendant Earl Franklin Brotherton appeals his judgment and sentence entered upon a conviction of second-degree sexual abuse. Iowa Code § 709.3(2). He contends the trial court abused its discretion: (1) in ruling that the four-year-old complaining witness was competent to testify; (2) in allowing expert opinion testimony concerning whether a child would fantasize an incident of sexual abuse; and (3) in denying defendant's motion for a mistrial. He also contends the court erred in admitting hearsay testimony. We affirm the trial court.

Defendant's brother and sister-in-law invited him to live with them in their home. The sister-in-law was expecting a baby and the brother's job required him to spend a great deal of time away from home. Defendant was to help around the house and assist in the care of his three-year-old niece. Soon thereafter the sister-in-law gave birth to a baby boy. In early August 1983, defendant's brother and sister-in-law attended a movie leaving defendant to baby-sit the niece and nephew. Approximately one month later, the sister-in-law observed her three-year-old daughter pushing a doll's legs around her neck and licking the doll between its legs. After questioning the child about the incident, the parents accused defendant of committing sexual acts with their daughter. Eventually defendant was charged with sexual abuse. At trial the complainant, now four years old, testified that on the night her parents attended the movie defendant had licked her vagina and butt and that she had licked his penis.

I. *Competency to testify.* Defendant filed a pretrial motion challenging the complainant's competency to testify. Following the hearing, the court ruled the child was indeed competent to testify at trial. Defendant renewed his motion prior to trial, during the child's testimony, and at the close of the State's case. All of defendant's motions were unsuccessful.

On appeal defendant alleges the trial court abused its discretion in ruling the complainant was a competent witness. The rules for determining the competency of a witness in civil actions are extended to criminal proceedings. Iowa R.Crim.P. 19(1). Iowa Rule of Evidence 601 provides that "[e]very person of sufficient capacity to understand the obligation of an oath or affirmation is competent to be a witness except as otherwise provided in these rules." We have indicated that determination of a witness' competency to testify has two aspects: "(1) the mental capacity to understand the nature of the questions put and to form and communicate intelligent answers thereto and (2) the moral responsibility to speak to the truth, which is the essence of the nature and obligation of an oath." *State v. Harvey,* 242 N.W.2d 330, 336 (Iowa 1976).

The trial court is afforded a wide latitude of discretion in ruling on the competency of witnesses. *State v. Paulsen,* 265 N.W.2d 581, 586 (Iowa 1978). On appeal, we will reverse a trial court determination in this regard only on a showing that the court abused its discretion. *Id.*

During the competency hearing and at trial, the complainant testified she would answer all questions truthfully. Defendant points out, however, that on several occasions the child testified that her moth-

er had told her what to say and indicated that she could not remember the alleged sexual abuse incident. Additionally, the complainant admitted on cross-examination that she had made up stories about defendant. Defendant claims the child was obviously incompetent because her concept of moral responsibility to tell the truth allegedly consisted of merely a belief that she had to testify according to her mother's instructions. · Further, defendant claims the child lacked the mental capacity to understand the nature of the questions asked her at trial and she was unable to form and communicate intelligent answers to these questions.

It is obvious that the complainant gave conflicting answers and inconsistent versions of what her mother told her to say. The child also indicated that her mother only told her to tell the truth and not to make up stories. The record as a whole, however, does not show complainant lacked competency to be a witness. Despite the inconsistencies, the complainant showed a remarkable independent recollection of the tangible details of the sexual abuse incident. She remembered that she did not like to lick defendant's penis because it tasted "so salty." The child remembered details of the night in question such as that her parents attended a movie, she ate ice cream and later took a bath. At trial, she was examined and cross-examined extensively. We do not believe that it was unreasonable for the trial court to conclude that the child was a competent witness in spite of the contradictions in her testimony. Competency of a witness is not disproved by a witness' "mere testimonial inconsistency;" rather, this is a matter directed to the weight to be afforded the witness' testimony by the jury. *Paulson*, 265 N.W.2d at 586. Our review of the record does not reveal the trial court abused its discretion by determining complainant was competent to testify.

II. *Opinion testimony.* At trial the State called a psychiatric social worker, who provides counseling to abused and neglected children, as a witness. Over defendant's objection that the witness' testimony went to bolster the credibility of the complaining witness and thus involved an issue which is solely reserved for the jury to decide, the social worker was allowed to state opinions negating the ability of a three or four-year-old child to fantasize a sexual activity between the child and another person. Additionally, the social worker opined that a child would not be able to fantasize or report sexual abuse in detail without some experience beyond viewing pictures. Obviously, this testimony was introduced in response to defendant's vigorous cross-examination of the complainant in which defendant attacked her credibility and suggested that she had learned about sexual acts by examining pictures contained in adult magazines owned by her parents.

Initially, we examine the admissibility of the first opinion, that concerning the ability of a child to fantasize a sexual experience. We recently addressed the admissibility of opinion testimony under Iowa Rule of Evidence 702 in a child sexual abuse case. *State v. Myers*, 382 N.W.2d 91 (Iowa 1986). We stated that in such cases "it seems experts will be allowed to express opinions on matters that explain relevant mental and psychological symptoms present in sexually abused children," but such experts will not be allowed to opine on matters "that either directly or indirectly renders an opinion on the credibility or truthfulness of a witness." *Id.* at 97. Although in *Myers* we did not address the issue whether an opinion regarding a child fantasizing a sexual experience explains relevant symptoms present in the child or goes to the truthfulness of a witness, we did cite *State v. Taylor*, 663 S.W.2d 235 (Mo.1984), in support of our ruling. In *Taylor* the Missouri Supreme Court held inadmissible a psychiatrist's statement that the victim did not fantasize the rape because the statement was an implied opinion that the victim told the truth. *Id.* at 241; *contra Commonwealth v. Carter*, 9 Mass. App. 680, 403 N.E.2d 1191, 1193 (1980) (opinion that retarded victim did not fanta-

size rape was admissible although opinion that witness telling truth was improper). In the present case we believe the first opinion rendered by the social worker is inadmissible as he indirectly opined on the truthfulness of the complaining witness rather than explained relevant mental and psychological symptoms present in a sexually abused child.

The admission of this opinion testimony, however, is not prejudicial and only constitutes harmless error. We believe such testimony, although inadmissible, was merely cumulative to previous testimony in the record concerning the believability of children's reports of sexual abuse. Factual or truthful reporting is the opposite of fantasizing. The social worker had earlier testified, without objection, that:

> When we're working with individuals who are coming in as adults who are saying that they were sexually abused as children, it stands to reason that unless the individual is extremely disturbed mentally, and that would be obvious over time and through clinical observation, there is no reason to doubt their credibility. So I didn't. *One would believe an adult coming in and saying that. The same is true for children.*
>
> Children, in our experience, have not presented themselves making such statements, because in our society of importance of family and because of our own sexual attitudes about privacy and intimacy, *we do not have the experience of children just coming in and saying, such and such has happened of a sexual nature, if it has not.*

Another question and answer followed and at that point defendant's counsel interposed an objection concerning the competency of the witness and further that the subject matter of the social worker's opinion was "a final conclusion for the jury to draw ... and not him." The court responded "overruled as to that objection."

■ The trial court ruled properly on defendant's motion. When an objection is late and follows the answer, a motion to strike, coupled with an application to have the objection precede the answer or an excuse for tardiness, must be made. *State v. Jones,* 271 N.W.2d 761, 767 (Iowa 1978). Defendant failed to do so in this case and therefore the opinion testimony preceeding the objection properly remained in the record. Ordinarily, prejudice does not result from the court's failure to sustain an objection to improper opinion testimony when substantially the same evidence is in the record without objection. *State v. Froning,* 328 N.W.2d 333, 338 (Iowa 1982); *State v. Seehan,* 258 N.W.2d 374, 379 (Iowa 1977); *accord State v. Farris,* 359 N.W.2d 190, 193 (Iowa 1984); *State v. Smith,* 309 N.W.2d 454, 455–56 (Iowa 1981); *State v. Webb,* 309 N.W.2d 404, 411 (Iowa 1981); *State v. Johnson,* 272 N.W.2d 480, 482 (Iowa 1978). We conclude that the social worker's opinion concerning the ability of a child to fantasize a sexual activity was merely cumulative to the previous admissible testimony and no prejudice resulted from the court's failure to sustain defendant's motion.

■ Next, we examine the admissibility of the opinion testimony that a child could not fantasize or report in detail sexual activity based on viewing pictures without additional experience. Again, this opinion did not assist the jury in understanding the evidence by explaining symptoms in children caused by sexual abuse; rather, such opinion goes directly or indirectly to the issue of the truthfulness of the complaining witness' testimony. In *Myers* we cited *State v. Logue,* 372 N.W.2d 151 (S.D.1985), with approval. In *Logue* the South Dakota Supreme Court determined the trial court abused its discretion in admitting an expert opinion that the defendant was the source of the child's sexual knowledge because the opinion was not based on "scientific data" and the "possibility of prejudice substantially outweighed the probative value of this testimony." *Id.* at 157. Defendant's objection to the second opinion testimony in this case should have been sustained by the trial court.

This opinion testimony concerning fantasizing or reporting in detail sexual activity

from viewing pictures is indirectly related to the opinion already in the record that children do not make sexual accusations if the incident did not happen. We need not decide, however, if this admissible opinion testimony bears sufficient similarity to testimony already in the record so that it is deemed cumulative evidence. Rather, the opinion that a three-year-old child could not report in detail sexual activities from merely viewing sexually explicit pictures seems elementary and obvious. *See Seehan*, 258 N.W.2d at 379. The prejudicial impact on the jury from such an interpretation by the social worker is relatively insignificant. This is especially true when other evidence stresses the believability of a child's report of a sexual activity. Opinion testimony erroneously admitted into evidence is without prejudice when it is unlikely any juror's understanding was altered or in any way affected by the opinion. *Id.* We conclude the error in admitting the opinion testimony about sexual activity detail was merely harmless error.

III. *Hearsay.* As a witness for the State, the psychiatric social worker testified regarding statements made by the complainant to him at two evaluation sessions after the alleged sexual abuse. Over a hearsay objection, the court allowed the social worker to testify that complainant had told him defendant had licked her and defendant had asked her to lick him. Further, the witness indicated the complainant had demonstrated such acts using puppets and also gestured to the specific body area on the puppets where she alleged the defendant had touched her. The trial court took the position that the testimony was not presented to prove the truth of the matter asserted and the court offered to give a cautionary instruction to that effect. On appeal, defendant claims these statements are hearsay and therefore inadmissible. We do not agree.

We conclude the evidence was not hearsay under Iowa Rule of Evidence 801(d)(1)(B). Although the trial court did not rely on this ground, a ruling on a hearsay objection resulting in the admis-

sion of evidence will be upheld if it is sustainable on any grounds appearing in the record. *State v. Jespersen*, 360 N.W.2d 804, 806 (Iowa 1985). Rule 801(d)(1)(B) provides:

> (d) *Statements which are not hearsay.* A statement is not hearsay if:

> (1) *Prior statement by witness.* The declarant testified at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, ...

We believe the social worker's testimony fell squarely within the parameters of this rule.

Declarant, the complaining witness, had already testified at trial and was cross-examined concerning matters revealed in the out of court statements she had made to the social worker. Additionally, defendant's claim that the social worker's testimony was simply introduced to bolster the testimony and credibility of the complainant's testimony is not in accord with the record. The complainant was vigorously cross-examined during which she made inconsistent statements concerning her memory, coaching by her mother, and matters contained in a prior deposition. The testimony of the social worker regarding what the complainant had told him four months after the alleged incident and nine months prior to trial, statements which are consistent with the complainant's testimony during direct examination, was clearly offered to rebut the partially successful cross-examination of complainant. Defendant's claim that he was not making any charge of recent fabrication, improper motive or influence is not borne out by our examination of the record. Parts of the cross-examination specifically related to such matters as the mother prompting and preparing the child for trial, the child's present memory, and whether the child made up the story elicited on direct examination. The child's out of court statements to the

social worker clearly fall within the definition of statements which are not hearsay as defined in rule 801(d)(1)(B).

IV. *Mistrial.* At trial the court had cautioned complainant's mother on redirect examination not to disclose the contents of a report prepared by a Department of Human Services investigator. Thereafter, the mother ignored the cautionary instruction and stated that the investigator had believed the complainant had been molested. Defendant timely objected to the statement as being hearsay. The court sustained defendant's objection and instructed the jury that "[t]he answer will go out, and the jury will completely disregard that last statement." Defendant's counsel then moved for a mistrial, urging that the jury would not be able to disregard such a prejudicial statement. The court issued another cautionary instruction to the jury and subsequently overruled the mistrial motion.

On appeal, defendant argues that the trial court abused its discretion in denying his motion for mistrial. A trial court has wide discretion in granting or denying a motion for mistrial. *State v. Hamilton,* 335 N.W.2d 154, 160 (Iowa 1983). We find an abuse of discretion only when defendant shows prejudice which prevents him from having a fair trial. *See State v. Trudo,* 253 N.W.2d 101, 106 (Iowa 1977). The trial court was in a better position to observe the matters complained of and to ascertain its effect, if any, on the jury. Generally, an admonition to the jury to disregard inadmissible testimony is sufficient to cure any prejudice. *See Hamilton,* 335 N.W.2d at 160. In our review of the record on this appeal, we find no abuse of discretion by the trial court in not granting defendant's motion for mistrial.

In summary, we have reviewed all of defendant's contentions and find no merit in his assignments of error. We therefore affirm the judgment and sentence of the trial court.

AFFIRMED.

All justices concur except HARRIS, LARSON, and WOLLE, JJ., who concur specially, and LAVORATO, J., who takes no part.

HARRIS, Justice (concurring).

I strongly agree that the case should be affirmed and join in divisions I, III, and IV of the majority opinion. I concur only in the result in division II for the reasons stated in my dissent in *State v. Myers,* 382 N.W.2d 91, 98 (Iowa 1986). I believe the proper scope of review on that issue should be for an abuse of discretion. I think the trial court did not abuse its discretion in admitting the challenged expert testimony.

LARSON and WOLLE, JJ., join this special concurrence.