STATE of Iowa, Plaintiff-Appellee,

v.

David Edgar BROWN,
Defendant-Appellant.

No. 85–1321.

Court of Appeals of Iowa.

Nov. 26, 1986.

Charles L. Harrington, Appellate Defender, and Michael J. Laughlin, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and Phillip L. Krejci, Co. Atty., for plaintiff-appellee.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SNELL, Presiding Judge.

On August 7, 1984, the defendant, David Edgar Brown, was charged by trial information with sexual abuse in the third degree. This charge was based upon allegations that Brown had sexually abused his thirty-two year old stepdaughter, Twila McDowell, who suffers from Down's Syndrome. On October 25, 1984, Brown filed a motion in limine requesting the district court to rule that McDowell was incompetent and unqualified to testify due to mental retardation. This motion was denied by the district court on January 4, 1985. On July 25, 1985, a hearing was held to determine whether McDowell was competent to testify at trial. On July 26, 1985, the district court entered an order finding McDowell competent to testify.

Brown's trial began on July 30, 1985. At the conclusion of the trial, the jury returned a verdict finding Brown guilty of the offense as charged. On September 9, 1985, Brown's motions in arrest of judgment and for a new trial were overruled, and the district court sentenced Brown to an indeterminate sentence not to exceed ten years. On that same date, Brown filed his notice of appeal.

■ Brown first contends that the district court erred in finding McDowell competent to testify. Iowa Rule of Evidence 601 provides, in pertinent part, that "[a] person of sufficient capacity to understand the obligation of an oath or affirmation is competent to be a witness except as otherwise provided by rule or statute." Following the effective date of the Iowa Rules of Evidence, see Iowa Code section 602.4202 (1985), the legislature repealed Iowa Code section 622.1 (1983), under which the case law dealing with the competency of witnesses to testify had theretofore developed. That section stated that "[e]very human

being of sufficient capacity to understand the obligations of an oath is a competent witness in all cases, except as otherwise declared." Iowa Code section 622.1 (1983). The cases interpreted this section of The Code as dividing the competency of a witness into two aspects: (1) the mental capacity to understand the nature of the questions put and to form and communicate intelligent answers thereto, and (2) the moral responsibility to speak the truth, which is the essence of the nature and obligation of an oath. State v. Harvey, 242 N.W.2d 330, 336 (Iowa 1976). We have said that the change from Iowa Code section 622.1 (1983) to Iowa Rule of Evidence 601 did not change the applicability of this two-part test. State v. Van Hoff, 371 N.W.2d 180, 183 n. 1 (Iowa Ct.App.), cert. denied, —— U.S. ——, 106 S.Ct. 598, 88 L.Ed.2d 578 (1985). Moreover, the ultimate determination of competency is within the discretion of the trial court. Calvert v. State, 310 N.W.2d 185, 186–87 (Iowa 1981), cert. denied, 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982).

We believe the present case is similar to the situation presented in State v. Steltzer, 288 N.W.2d 557 (Iowa 1980). There, the court dealt with the competency of a twenty-one-year-old sexual abuse victim who could not tell time and who had attended special education classes without advancing beyond the tenth or eleventh grade. In finding that the district court did not err in allowing her to testify, the court noted the following portions of the district court's denial of the defendant's post-trial motions:

The complaining witness was not so retarded or mentally deficient that her testimony could be disregarded as far as the court is concerned. She knew the defendant; identified him. Certainly she was abused from the testimony of other witnesses who found her lying alongside the road tied up in an inhuman manner. The defendant was not a stranger to her. She had known him before and immediately identified him for the authorities and identified him in the court room for the jury, and the Court feels that under

all the record it was a question for the jury to determine whether her testimony was believable or not and, as I have already indicated, there was certainly other evidence to corroborate the fact that this assault had been committed.

*Id.* at 560. Likewise, in the present case, McDowell was well-acquainted with Brown as they had lived in the same household for nine years. She identified him both at the competency hearing and at trial. Both Brown's brother and wife furnished testimony corroborating the sexual abuse allegations. Our review of the record persuades us that the district court did not abuse its discretion in allowing McDowell to testify. *See also State v. Whitfield,* 315 N.W.2d 753 (Iowa 1982) (no abuse of discretion in district court's determination that thirteen-year-old mildly-retarded sexual abuse victim was competent to testify).

■ Brown next contends that the district court erred in allowing into evidence the hearsay testimony of Officer Burt Tacklenburg regarding McDowell's oral assertions and nonverbal conduct with anatomically-correct dolls which were used as an aid in developing her testimony. The substance of Officer Tacklenburg's testimony concerned an interview he had with McDowell on August 1, 1984, wherein McDowell used the dolls to demonstrate what Brown did to her.

Iowa Rule of Evidence 801(d)(1)(B) provides that a statement is not hearsay if

[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive. . . .

We believe the present testimony comes within the ambit of this rule and is therefore not hearsay. Our supreme court recently applied this rule to a similar set of facts in *State v. Brotherton,* 384 N.W.2d 375 (Iowa 1986). *Brotherton* involved the testimony of a psychiatric social worker regarding statements made by a three-year-old sexual abuse victim to the social worker during two evaluation sessions. Like the situation in *Brotherton,* the declarant in the present case, McDowell, had already testified at trial and was cross-examined concerning matters revealed in the statements she had made to Officer Tacklenburg. Part of this cross-examination of McDowell, as well as portions of both the cross-examination of McDowell's mother and the direct examination of Brown, dealt with what were obviously allegations by Brown that McDowell's testimony was the result of her mother's influence. All of this testimony was elicited prior to that of Officer Tacklenburg. In light of these facts, we think Officer Tacklenburg's testimony was offered to rebut a charge of improper influence on the part of McDowell's mother and, by virtue of rule 801(d)(1)(B), did not constitute hearsay.

■ Finally, Brown contends that the State failed to establish by sufficient evidence a time and place where the alleged sexual abuse occurred. As we think the time and place of the offense are not material to the charge, we reject Brown's argument. Iowa Code section 709.4 (1985) defines the crime of sexual abuse in the third degree. That section, in pertinent part, provides that

[a]ny sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by a person when the act is performed with the other participant in any of the following circumstances:

\*   \*   \*   \*   \*   \*

2. The other participant is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.

In order to find Brown guilty of this offense, the State had the burden of proving beyond a reasonable doubt that:

1. On or about the 7th day of July, 1984, the Defendant was not living with McDowell as husband and wife.

2. That on said date the Defendant performed a sex act, as that term is explained in [these instructions], with McDowell.

3. That the sex act was performed when the other participant is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.

II Iowa Uniform Jury Instructions (Criminal) No. 908 (1984); *State v. Lampman,* 345 N.W.2d 142 (Iowa 1984).

■■■ The date fixed in the indictment or information for the commission of a crime is not material, and a conviction can be returned upon any date within the statute of limitations, absent a fatal variance between the allegations and proof. *State v. Washington,* 356 N.W.2d 192, 196 (Iowa 1984). The jury in this case was instructed consistent with this law and we find substantial evidence in the record to support their implicit finding that the statute of limitations had been satisfied.

■■ Brown also contends that insufficient evidence was presented to establish the place where the sexual abuse occurred. We think it obvious from a reading of the above-listed elements of the offense that the place of the offense is not material to the charge. Although the State has the burden of proving venue, *State v. Allen,* 293 N.W.2d 16, 19 (Iowa 1980), all objections to venue are waived by the defendant unless made prior to trial. Iowa Code section 803.2 (1985). No venue objections were raised in this case.

AFFIRMED.