**IN THE COURT OF APPEALS OF IOWA**

No. 14-1859
Filed September 23, 2015


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ANTHONY WINTERS II,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carla T. Schemmel,

Judge.


        A defendant appeals his conviction challenging the factual basis to

support his guilty plea and his counsel rendered ineffective assistance.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller,

Assistant Attorneys General, John P. Sarcone, County Attorney, and Celene

Gogerty and Justin Allen, Assistant County Attorneys, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

James Winters appeals following his *Alford*[1] plea to dependent adult abuse, in violation of Iowa Code sections 235B.2(5)(a)(1)(c) and 235B.20(5) (2013), a class "D" felony, for using his mother's credit and debit cards without her permission. He claims his guilty plea lacks a factual basis because the record fails to show his mother was a dependent adult at the time he was accused of using her credit and debit cards. He also claims counsel was ineffective in not objecting to the court's failure to explain the nature of the charge to him pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b)(1). Because no motion in arrest of judgment was filed, Winters raises both claims under an ineffective-assistance-of-counsel framework. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting the failure to file a motion in arrest of judgment does not bar a challenge to a guilty plea on appeal if that failure resulted from ineffective assistance of counsel).

## I. Factual Basis.

Before accepting a guilty plea, pursuant to Iowa Rule of Criminal Procedure 2.8(2)(b), the district court must determine the guilty plea is supported by a factual basis. In determining whether the guilty plea is supported by a factual basis, the entire record before the district court is examined to determine whether there are facts to satisfy all the elements of the offense. *State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010). The facts in the record do not need to prove guilt beyond a reasonable doubt, but we need to be satisfied that the facts

---

[1] Under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a defendant can consent to the imposition of a sentence without admitting participation in the crime.

support the crime. *Id.* at 768. If an attorney permits his client to plead guilty to a crime to which there is no factual basis, prejudice is presumed. *State v. Hallock*, 765 N.W.2d 598, 604 (Iowa 2009) (noting the remedy if a factual basis could be shown is to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis).

The minutes of testimony establish that Winters's mother, Sally, was hospitalized in February 2013, and at that time, she reported her Discover card had gone from a balance of $100 to a balance of over $21,000. The balance included cash advances and charges to stores Sally did not frequent and for items she would not use. Sally reported to police she never gave anyone permission to use her Discover card to make purchases or obtain cash advances. Sally's attorney-in-fact also stated that Sally's debit card was being used by Winters and a line of credit had been obtained in Sally's name. At the time, Winters was living in Sally's home with his girlfriend. It was reported to police Winters had come to the hospital the day before, on February 13, 2013, and tried to get Sally to sign documents to give him control over her assets. Sally refused to comply.

During a police interview in September 2013, Winters reported he was using the money to purchase items for his mother, but none of the items appeared to be used for Sally's care. He claimed to have been living with his mother for six months, "taking care of her." He had noticed "she was getting more confused and this had been happening over the last year." He stated "he was helping her remember to take her medication" and his mother was no longer

driving because she "kept getting lost." His mother "often would get confused on what day or year it was" and "needs help with . . . household chores."

Dr. Major examined Sally in August 2013 and completed a report of incapacitation. He believed Sally suffered from several physical and/or mental health conditions that require the assistance of others. He determined Sally "cannot adequately care for herself, obtain services, or protect herself" as she suffered from "vascular dementia, along with several other medical conditions." He believed Sally could not make financial decisions for herself as a result of her dementia.

The minutes further provide that starting when Winters had access to Sally's accounts in June 2012 over $10,000 appeared to have been misused by Winters and not for the benefit of Sally. Prior to Winters using Sally's bank account, she had over $18,000 in deposits which by February 2013 was all unaccounted for and a line of credit in the amount of $10,000 had been obtained in Sally's name that had not been repaid.

Winters's challenge on appeal is that the minutes do not support a conclusion that his mother was a dependent adult during the time it is alleged the money was misappropriated—June 2012 to February 2013.[2] While the minutes indicate Dr. Major would testify Sally had dementia in August 2013, Winters admitted in his September 2013 police interview his mother was, over the previous year, getting more confused, could not remember to take her medication, would get lost, was unable to remember the date or year, and need

---

[2] During the guilty plea colloquy, Winters asserted, "I cannot argue with the facts of the case that would likely lead to a guilty verdict."

help with household chores. He stated he was "taking care of her" because of Sally's problems. In addition, the minutes established that in February 2013 Winters attempted to obtain control over Sally's finances and assets while she was hospitalized. We conclude this information provides a sufficient factual basis to support the conclusion that Sally was a dependent adult when Winters used her credit and debit cards and obtained a line of credit in her name without Sally's permission.[3]

## II. Nature of the Charge.

We next turn to Winters's claim that his attorney rendered ineffective assistance by failing to object when the district court failed to explain to him the nature of the charge to which he was pleading guilty. Winters specifically claims the court should have explained the statutory definition of "dependent adult" and articulated the elements of the crime.

Under Iowa Rule of Criminal Procedure 2.8(2)(b)(1), before accepting a guilty plea the court must inform the defendant of, and determine he understands, "the nature of the charge to which the plea is offered." While the court did not explain the elements of the charged crime on the record, the guilty plea colloquy indicates Winters agreed that he understood what facts the State would need to prove to find him guilty of dependent adult abuse and had no question regarding the same. "[W]e have held the court need not review and explain each element of the crime if it is 'apparent in the circumstances the

---

[3] We also note "[t]he date fixed in the indictment or information for the commission of a crime is not material, and a conviction can be returned upon any date within the statute of limitations, absent a fatal variance between the allegations and proof." *State v. Brown*, 400 N.W.2d 74, 77 (Iowa 1986).

defendant understood the nature of the charge.'" *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003) (citation omitted).

We conclude it is clear based on this record Winters understood the nature of the charge at the time he pled guilty, and therefore, Winters's cannot establish his attorney was ineffective for failing to object or file a motion in arrest of judgment based on the court's failure to specifically articulate the elements of the offense. We affirm his conviction.

**AFFIRMED.**