**IN THE COURT OF APPEALS OF IOWA**

No. 15-2009
Filed November 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELVIN LUCIER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Melvin Lucier appeals his convictions for three counts of second-degree sexual abuse of a child. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Melvin Lucier appeals his convictions for three counts of second-degree sexual abuse of a child. He challenges (1) the district court's determination that the child was competent to testify and (2) the sufficiency of the evidence supporting the district court's findings of guilt.

## I. Competency

The child Lucier was charged with abusing was eleven years old at the time of trial. Before she testified for the State, the district court engaged her in a colloquy to determine whether she could differentiate between truth and lies. *See State v. Andrews*, 447 N.W.2d 118, 121 (Iowa 1989) (setting forth test to determine child's competency). Lucier contends the colloquy was inadequate. He concedes the court determined the child "could identify a lie" but contends the court failed to establish "the child could identify the truth."

The State responds that Lucier failed to preserve error. We are inclined to agree because Lucier did not challenge the sufficiency of the colloquy in the district court. *See State v. Steltzer*, 288 N.W.2d 557, 559 (Iowa 1980). Bypassing this error-preservation concern, we are persuaded that the district court adequately addressed the child's ability to distinguish between truth and lies. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (choosing to overlook serious error preservation concerns). We conclude the district court did not abuse its discretion in finding the child competent to testify. *See State v. Brotherton*, 384 N.W.2d 375, 377 (Iowa 1986) (setting forth standard of review).

## II.    Sufficiency of the Evidence

The district court set forth the elements of second-degree sexual abuse as follows:

> 1. During the time frame from on or about May, 2010, through March, 2014, the defendant performed a sex act with S.D.
> 2. The defendant performed the sex act while S.D. was under the age of 12 years.

*See* Iowa Code §§ 709.1, 709.3(1)(b) (2015).  The court defined "sex act" as follows:

> A "sex act" means any sexual contact:
> 1.  By penetration of the penis into the vagina or anus.
> 2. Between the mouth of one person and the genitals of another.
> 3. Between the genitals of one person and the genitals or anus of another.
> 4. Between the finger or hand of one person and the genitals or anus of another person.
> 5. By a person's use of an artificial sex organ or a substitute for a sexual organ in contact with the genitals or anus of another.

*See id.* § 702.17.  After finding the child competent to testify, the court described the child's contact with Lucier and summarized diagrams in which she identified the parts of her body he touched as well as the parts of his body he used to touch hers.  The court determined:

> [T]he testimony establishes that the defendant performed a sex act with S.D. five or more times during the period from on or about May 2010, through March 2014.  Her testimony clearly puts these incidents within the relevant timeframe and the acts described meet the definition of a "sex act" as described above.  There is no question that she was under age 12 at the time of these acts.

On appeal, Lucier contends, "[T]he overall testimony and the line of questioning are rather vague and confusing as to which part of [Lucier's] body made contact with what part of S.D.'s body and on what date and how often."  Our review of the

district court's fact findings is for substantial evidence. *See State v. Hearn*, 797 N.W.2d 577, 579 (Iowa 2011). Suffice it to say that the child's testimony together with her identifications of the body parts involved amounted to substantial evidence in support of the district court's findings. *See State v. Martens*, 569 N.W.2d 482, 487 (Iowa 1997) ("Although H.A. was fifteen at trial time, we do not deem her testimony in totality as too unspecific and insufficient to identify a digital touching of her anus by defendant."); *State v. Wolfe*, No. 01-0940, 2002 WL 535177, at *2 (Iowa Ct. App. Apr. 10, 2002) ("Though the victim in this case was in the ninth grade at the time of trial, her testimony was not so unspecific or confusing that a jury could not find that defendant touched her genitalia."). Notably, the court found the child's testimony "credible." We give weight to this credibility finding. *See State v. Dewitt*, 811 N.W.2d 460, 476 (Iowa 2012) ("[C]redibility determinations are an essential function of the fact finder.").

Having found substantial evidence to support the district court's detailed findings of guilt, we affirm Lucier's judgment and sentence for three counts of second-degree sexual abuse.

**AFFIRMED.**