# IN THE COURT OF APPEALS OF IOWA

No. 16-0302
Filed December 21, 2016

**RICHARD THOMAS STELTZER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Warren County, Terry R. Rickers,

Judge.

Richard Thomas Steltzer appeals from the denial of postconviction relief.

**AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*  Goodhue,

S.J.,* takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Richard Thomas Steltzer appeals from the order granting summary judgment and dismissing his application for postconviction relief (PCR).

"We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for postconviction relief. We review postconviction proceedings that raise constitutional infirmities de novo. In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (citations omitted).

In 1978, Richard Thomas Steltzer was charged with forcibly removing L.F. and sexually assaulting her, leaving her tied to a tree. During pretrial discovery, Steltzer was notified that the victim's blue jeans and underwear had been collected, and the victim had told hospital personnel she had been forced to have oral sex and vaginal intercourse. The examining doctor reported there was no sperm recovered from the victim's vagina or mouth, and that the victim stated the perpetrator had never ejaculated. The doctor's report also noted,

> Upon completion of the examination, I received one vial containing two cotton swabs for examination by the [Bureau of Criminal Investigations] BCI for evidence pertinent to this investigation. I also received a small yellow envelope containing grass. I seized the victim's blue jeans, pink underwear, and blouse for examination by the BCI.

We do not have access to the original criminal file and thus we do not know if these items were introduced into evidence at the trial.

L.F. was familiar with Steltzer and testified at trial that he was the perpetrator.[1] Steltzer challenged L.F.'s identification of him, and he testified he was elsewhere at the time of the offense but did not offer any corroborating evidence to support his alibi. *Steltzer*, 288 N.W.2d at 559. He was convicted of first-degree kidnapping and second-degree sexual abuse, and both convictions were affirmed on direct appeal. *Id.* at 561.

Here, Steltzer challenges a February 5, 2016 order granting the State's motion for summary judgment and dismissing Steltzer's fifth PCR application, as amended.[2] The district court found both that the three-year statute of limitations provided in Iowa Code section 822.3 (2015) barred relief and that Steltzer had not presented any newly discovered evidence that would entitle him to a new trial.

Steltzer contends the State has forfeited its right to rely upon the statute of limitations, asserting there had been wrongful conduct by the State in a 2006 PCR proceeding. However, this forfeiture claim was not raised below and is thus

---

[1] *State v. Steltzer*, 288 N.W.2d 557, 558, 560 (Iowa 1980). The criminal court ruled on Steltzer's motion for new trial:

> The complaining witness [while intellectually challenged] was not so . . . mentally deficient that her testimony could be disregarded as far as the court is concerned. She knew the defendant; identified him. Certainly she was abused from the testimony of other witnesses who found her lying alongside the road tied up in an inhuman manner. The defendant was not a stranger to her. She had known him before and immediately identified him for the authorities and identified him in the court room for the jury, and the Court feels that under all the record it was a question for the jury to determine whether her testimony was believable or not and, as I have already indicated, there was certainly other evidence to corroborate the fact that this assault had been committed.

*Id.* at 560.

[2] There is some question about the number of different PCR actions brought by Steltzer. His counsel asserts this is his fifth PCR action, so we will use that number. Not all of the PCR rulings have been appealed.

not properly before us. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

In any event, the State maintains Steltzer cannot show he is entitled to relief. Steltzer contends his "2006 postconviction application . . . was dismissed because the State falsely asserted that no evidence had ever been collected and Judge Goodhue merely accepted the State's assertions as fact." Here, the record shows that Steltzer was informed more than thirty years ago that the items of clothing had been taken from the victim and submitted for biological testing. DNA analysis was not available until the 1990s.

In 2008, Steltzer claimed the evidence he seeks had been destroyed by order of the county attorney, and in 2013 he claimed the "rape kit" evidence was being "hidden" from him. Steltzer's bare allegations of wrongful conduct are not sufficient to create an issue of material fact under the circumstances of this case.

Iowa Code section 822.6 (2015), provides in part:

> The court may grant a motion by either party for summary disposition of the [PCR] application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

In 2006, the State asserted it had made diligent efforts to locate the items Steltzer seeks to have tested for viable DNA materials and had been unable to locate them.

In this action, the record includes a January 23, 2015 response to a subpoena duces tecum from Steltzer's counsel by the Director of Investigative Operations of the Iowa Department of Public Safety and copies of the records of DCI Lab Case L78-7020, which verified that evidence from the 1978 case had been received and examined by the lab and that seminal fluid was "detected in the stain in the crotch area of the panties," the "crotch area of the blue jeans" and "on the vaginal swabs." Correspondence between Steltzer's counsel and the director indicate that in 1978 there were no written procedures concerning the maintenance of evidence and the department could not account for the location of the items submitted for examination.

On February 6, 2015, the county attorney filed an answer to Steltzer's request for production and testing,[3] averring:

> 2. Following a diligent search the State is unaware of the location of any DNA evidence in this case, including but not limited to one vial containing two cotton swabs and the victim's blue jeans, pink underwear, and blouse.
> 3. The Iowa Division of Criminal Investigations Laboratory has previously complied with the Petitioner/Applicant's request for the production of reports, receipts, and other documents and supplied the same to counsel for the Petitioner/ Applicant, Unes J. Booth.
> 4. The Warren County Sheriff's Office has conducted a diligent search and could not locate any reports, receipts, or other documents requested by the Petitioner/ Applicant.

---

[3] Steltzer requested,
All reports, receipts and other documents pertaining to the collection, analysis and disposition of the physical evidence collected from [L.F.] in the investigation of Warren County CR6052, including but not limited to 'one vial containing two cotton swabs' and 'the victim's blue jeans, pink underwear, and blouse' on or about 10-23-1978.

In 2005, the Iowa Legislature adopted chapter 81, which provides certain criminal defendants may seek DNA analysis of evidence. Iowa Code section 81.10(10), provides:

> A criminal or juvenile justice agency, as defined in section 692.1, shall maintain DNA samples and evidence that could be tested for DNA for a period of three years beyond the limitations for the commencement of criminal actions as set forth in chapter 802. This section *does not create a cause of action for damages or a presumption of spoliation in the event evidence is no longer available for testing*.

(Emphasis added.) The State has avowed it has made a diligent search for the items sought to be tested for DNA and is unable to locate them.

We also note on December 1, 2006, the State asserted it had "performed a diligent search for DNA evidence in this case, searching its files and court archives, and inquiring with the Warren County Sheriff's Office regarding evidence in this matter." On January 30, 2007, the district court ruled, "[Steltzer] was convicted over twenty-five years ago and there is no existing 'evidence collected in this case.'" On February 8, 2007, the district court dismissed his application for PCR, and we affirmed. *Steltzer v. State*, No. 07-0529, 2008 WL 375192, at *2 (Iowa Ct. App. Feb. 13, 2008) (noting "[t]he State also indicated that all the exhibits and records for this twenty-seven-year-old trial had been destroyed").

Steltzer has come forth with no evidence to dispute the unavailability of the items for further testing or any evidence that would establish the State has purposely destroyed the items. We note that if the items sought by Steltzer were used as trial exhibits, the clerk of court should have retained the exhibits after the trial. However, our rules do not require the clerk to retain exhibits beyond two

years, although retention for a longer period of time is not uncommon.[4]  Our rules of summary judgment do not permit the nonmovant to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment.  Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . .").  Although Steltzer has shown exhibits once existed, he has not shown any basis for relief because there is no suggestion the exhibits still exist.  Our supreme court has also held, "Failure of the State to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith." *State v. Atley*, 564 N.W.2d 817, 821 (Iowa 1997); *see also Bickell v. State*, No. 01-1000, 2002 WL 31425214, at *3 (Iowa Ct.  App. Oct. 30, 2002).  We therefore affirm.

**AFFIRMED.**

---

[4] *See* Iowa R. Civ. P. 1.1014 (formerly Iowa R. Civ. P. 253.1) ("One year after the final determination of a case, the clerk may destroy all exhibits filed provided that counsel of record are notified in writing that the exhibits will be destroyed unless receipted for within 60 days thereafter.  The clerk may destroy all trial exhibits without notice two years after final determination of the case.").