**STATE of Iowa, Appellee,**

v.

**Gene Allen KNUDTSON, Appellant.**

**No. 54120.**

Supreme Court of Iowa.

March 16, 1972.

Paul H. Kinion, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and William G. Faches, County Atty. of Cedar Rapids, for appellee.

REES, Justice.

Defendant, charged by county attorney's true information with the crime of attempting to break and enter in violation of section 708.10, Code 1966, was tried to a jury, convicted, sentenced and now appeals. We affirm.

At approximately 3 o'clock, a. m., on the morning of July 26, 1969 the proprietors of the Steak & Stein Tavern in Cedar Rapids were cleaning the tavern when they heard a pounding at the boarded-up, unused door at the rear of the building. They summoned police, who conducted a search in the area at the rear of the tavern and observed the defendant standing behind a truck. When one of the officers threw the beam of his flashlight upon the defendant, he attempted to hide behind the truck and to dispose of a pair of gray vinyl gloves he was wearing by throwing them under the truck.

A further search of the area by police officers netted a flashlight in some nearby bushes, a pry bar near the rear door of the tavern, and a pair of channel lock pliers about five feet from where the defendant was initially observed. A subsequent search of defendant's automobile, parked about 30–35 feet from the rear door of the tavern, uncovered a quantity of tools, a partially filled bottle of whiskey, and two money bags with the name of a local bank imprinted upon them. The search of the automobile was pursuant to a warrant, and neither the search nor the regularity of the issuance of the warrant is challenged here.

Upon trial of the case, several police officers testified the tools found at the scene and in defendant's auto were similar to tools found at other breakings and enterings and were similar to the type of tools

which would, or could, be used as burglar tools for the purpose of accomplishing a breaking and entering.

Defendant assigns two errors as bases for reversal, asserting: (1) trial court erred in overruling defendant's objections to testimony offered by the State on the grounds there was insufficient foundation in the record for the police officers to testify as experts on the subject as to whether the tools found were burglar tools, and (2) that the questions by which the State sought to elicit the opinions of the police witnesses were not proper in form or substance.

I. Defendant's first question is whether the tools found at the scene and in defendant's car were properly characterized as burglar tools and whether the characterization of them as such should have been the subject of opinion evidence.

In State v. Mayhew (Iowa 1969), 170 N.W.2d 608, 619, this court said:

"* * * [T]he receipt of opinion evidence, whether lay or expert, rests largely in the trial court's discretion and we are loathe to interfere with the exercise thereof unless it has been manifestly abused to the prejudice of the complaining party. (citations)."

In the matter before us the subject of the opinion testimony was whether certain tools would or could be used as burglar tools.

In Grismore v. Consolidated Products Co., 232 Iowa 328, 343–344, 5 N.W.2d 646, 655, this court said:

"There are many matters of scientific investigation and specialized knowledge in the fields of the professions, trades, business, industry, art, and other endeavors where the minds of those not learned therein necessarily grope but blindly. Expert opinion in such cases is indispensable to aid the jurors in reaching a cor-

rect conclusion, and the fact that the matter inquired about is a vital and controlling fact in the trial, or is even the ultimate fact, which the jury are to pass upon and determine, is no reason why the opinion should not be received."

The foregoing excerpt from *Grismore* was quoted with approval by this court in State v. Jiles, 258 Iowa 1324, 1331, 142 N. W.2d 451, 455. See also 31 Am.Jur.2d, Expert and Opinion Evidence, § 18, pp. 513–514; 32 C.J.S. Evidence § 546(65), pp. 272–274; 7 Wigmore on Evidence, Third Ed., § 1923, pp. 21–22.

■ Tools used to accomplish breakings and enterings are commonly called burglar tools, and consist of tools which may also have a perfectly legitimate use, such as hammers, screwdrivers, punches, pliers, and prybars. See State v. LaMar, 260 Iowa 957, 962, 151 N.W.2d 496, 499; Mahar v. Lainson, 247 Iowa 297, 299–300, 72 N.W.2d 516, 518; 13 Am.Jur.2d, Burglary, § 74, p. 368.

■ Tools found at the scene of a crime may properly be described as burglar's tools. State v. LaMar, *supra,* 260 Iowa at 962, 151 N.W.2d at 499; State v. Harless, 249 Iowa 530, 534, 86 N.W.2d 210, 213.

■ The fact the tools introduced in evidence in this case may also have legitimate uses makes it difficult to determine whether they are indeed burglar tools. We conclude it was proper to permit opinion testimony of properly qualified witnesses as to whether the tools found at the scene of the attempted breaking and entering and in defendant's car were in fact burglar tools.

■ II. Defendant further asserts it was improper for the court to permit opinion testimony as to whether the tools found at the scene of the attempted breaking and entering and in defendant's automobile were of the type which could or would be

used as burglar's tools since there was no proper foundation for such testimony. The witnesses qualified themselves by showing they had been involved in investigations of other breakings and enterings or burglaries. Defendant maintains it was necessary for the witnesses to show the other investigations they had made, and upon which they rely for their experience, were judicially determined to be breakings and enterings or burglaries. Since they made no such showing of judicial determination, the defendant argues the foundation for the witnesses' opinion testimony is defective. Defendant cites no authority on this point and while the argument is novel and ingenious, we are not persuaded that it is the law. We conclude this contention is without merit.

■ III. Defendant further argues the police officer witnesses were not properly shown to be experts, and that a mere showing they were in fact police officers does not in and of itself qualify them as such. With this general proposition we are not at variance; however, in this case the officers who testified were shown to be experienced and to have been engaged as police officers for periods ranging upward from five years. With the exception of one (Officer Thomas) all had attended special institutes and received special training in police investigation, including crime scene investigations. They testified they had from time to time investigated the scenes of breakings and enterings and burglaries, and had found tools at some of them which had apparently been used in connection with the burglaries, and which were similar to the tools in this case.

We are persuaded the trial court did not abuse its discretion in admitting the testimony of the officers.

■ IV. Defendant further argues that the form of the questions propounded to the police witnesses by which the State sought to elicit their opinions as to whether or not the tools were in fact burglar tools, and that the form of the answers to such ques-

tions, was improper. Defendant contends the statements of the officers that the tools were burglar tools, that they were the type that would be used by burglars, were improper because they invaded or usurped a function of the jury, that is, the duty of the jury to decide whether the tools were in fact burglar's tools. Defendant insists the witnesses should only have been allowed to testify the tools were of a type that *could* be used in a breaking and entering, or *could* be burglar's tools.

In *Grismore, supra,* 232 Iowa at 348, 5 N.W.2d at 657, this court said:

"Another matter which has given rise to much judicial confusion and absurd consequences is the form of the interrogatory to, and the answer of, the expert. Whether he may be asked his opinion as to the fact of the matter, or whether he may be asked his opinion only as to the possibility or probability of the matter. There is no sound basis in law, reason, or common sense for decisions that a witness may state his opinion as to what 'may', 'might', 'could', or 'probably did' cause something, but may not give an opinion as to what 'did', 'will', or 'would', cause it. The true rule is, and should be, that the witness may use such expression as voices his true state of mind on the matter, whether it be possibility, probability, or actuality. To insist that a witness confine his testimony to an expression of possibility or probability, when his real judgment or conviction is actuality, or fact, is unfair to the witness and the jury, and unjust to the party offering the testimony." Cf. State v. Furlong, 216 Iowa 428, 431, 249 N.W. 132, 134.

In *Furlong,* this court said it was improper to allow a witness to use any term except "could"; however, the court's instructions to the jury properly explained the law and the error did not require reversal.

The statement of this court in *Grismore* above is applicable to the matter before us

—admission of the testimony of the witnesses as to actuality rather than requiring them to express their opinions in terms of probability was not error.

We find no error in the record and affirm the trial court.

Affirmed.

All Justices concur.