STATE of Iowa, Plaintiff-Appellee,

v.

Barbara Ann NUNN,
Defendant-Appellant.

No. 83–1447.

Court of Appeals of Iowa.

Sept. 6, 1984.

H. Reed Doughty of Winstein, Kavensky, Wallace & Doughty, Rock Island, Ill., for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Defendant appeals from her conviction for second-degree murder in violation of Iowa Code section 707.3. She asserts the following claims on appeal: (1) evidence was insufficient to prove second-degree murder; (2) the prosecutor committed prejudicial misconduct by suppressing exculpatory evidence; and (3) her trial attorney rendered ineffective assistance by failing to call certain witnesses. We affirm.

Barbara Ann Nunn was charged with murder in connection with the stabbing death of Bernard Boyce, a man with whom she had lived for approximately two years. At trial, defendant contended that she had acted in self-defense. She presented evidence showing that the decedent had treated her violently in the past and had threatened to kill her on the day he died.

A jury found the defendant guilty of second-degree murder. Her subsequent motion for new trial was overruled by the trial court. Defendant was then sentenced to imprisonment for up to fifty years, as permitted by Iowa Code section 707.3.

**I. Sufficiency of Evidence.** Pursuant to Iowa Code section 707.1, "A person who kills another person with malice aforethought either express or implied commits murder." The parties do not dispute the fact that the defendant killed Boyce. However, the defendant argues on appeal that a verdict of second-degree murder is not supported by the evidence. Specifically, Nunn contends that there was insufficient evidence to support a finding of malice aforethought. She further contends that there was insufficient evidence to prove the killing wasn't justified.

■ Our scope of review on this issue was set forth in *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981):

In reviewing motions for ... a new trial based upon sufficiency of the evidence in criminal cases, this court views the evidence in a light most favorable to the State. All legitimate inferences which may fairly and reasonably be deducted therefrom will be accepted. It is necessary to consider all of the evidence when determining evidential sufficiency.... [A] jury verdict of guilty is binding ... unless there is no substantial evidence in the record to support it or such finding is clearly against the weight of the evidence. Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt.

In light of these principles we conclude that sufficient evidence exists to prove malice aforethought and that the killing wasn't justified.

■ Malice aforethought has been defined as "a fixed purpose or design to do some physical harm to another which exists prior to the act committed." *State v. Sharpe*, 304 N.W.2d 220, 226 (Iowa) *cert. denied* 454 U.S. 834, 102 S.Ct. 134, 70 L.Ed.2d 113 (1981). The fixed purpose to do harm need not exist for any given length of time. It is sufficient if it exists at any time before the killing. *State v. Love*, 302 N.W.2d 115, 119 (Iowa 1981) (*citing State v. Hofer*, 238 Iowa 820, 834, 28 N.W.2d 475, 482 (1947)). Malice aforethought can be implied from use of a deadly weapon accompanied by an opportunity to deliberate. *Id.* Additionally, it can be implied from prior relations between the accused and the victim. *State v. O'Connell*, 275 N.W.2d 197, 202 (Iowa 1979).

■ The record before this court reveals that the defendant used a deadly weapon to kill Boyce. Moreover, the jury could properly find that Nunn had an opportunity to deliberate prior to the stabbing. The defendant and Boyce had been involved in a

heated argument during which, at one time or another, both had knives. However, the argument momentarily ceased after which Boyce retreated to another area of the house which he and Nunn shared. Some minutes later, Nunn followed Boyce and stabbed him. Certainly it was reasonable for the jury to conclude that Nunn had a fixed purpose to do harm when she stabbed Boyce. We cannot ignore the fact that there was a cooling-off period before the actual stabbing. The record also reveals that the defendant and Boyce had a very tumultuous relationship. At trial, Nunn acknowledged the fact that *both* she and Boyce had bad tempers and on the average they had physical fights once a week. Moreover, evidence indicates that prior to the stabbing the defendant was throwing objects at Boyce. We agree with the State that use of a deadly weapon and evidence of Nunn's relationship with the victim would support a jury finding that malice aforethought existed. The defendant's motion for judgment of acquittal was properly overruled on this ground.

The defendant also argues that the State failed to present sufficient evidence to show that the killing was not justified. Defendant relies on testimony of a social worker about the "battered woman syndrome" to explain why Nunn may have believed her life was in peril and that use of a deadly weapon was necessary. However, "[t]he trier of fact is not obliged to accept opinion evidence, even from experts, as conclusive. It may be accepted in whole, in part, or not at all." *State v. Shultz*, 231 N.W.2d 585, 587 (Iowa 1975). Furthermore, even assuming that the jury accepted this evidence, it cannot be considered dispositive. In *State v. Elam*, 328 N.W.2d 314, 319 (Iowa 1982), the supreme court set forth what the State must show to establish no justification. Essentially, the State need only prove one of the following:

(1) the defendant was the provocator in initiating or continuing the difficulty which resulted in the shooting; or

(2) the defendant did not believe he was in imminent danger of death or injury and that use of force was not necessary to save him; or

(3) *he did not have reasonable grounds for such belief;* or

(4) the force used was unreasonable.

*Id.* (emphasis added). This criteria indicates that the test of justification involves both subjective and objective components. In other words, a jury should properly consider not only whether the defendant actually feared she was in danger, but also whether such fear was reasonable. *Id.* at 317. In the case at bar, evidence could support the conclusion that Nunn's fear of danger was not reasonable. As previously mentioned, the argument had ended several minutes before the stabbing. Furthermore, the victim was not armed at the time. Thus, we find that no error existed in this respect.

**II. Prosecutorial Misconduct.** The defendant also claims that a fair trial was denied due to prosecutorial misconduct. Specifically, it is alleged that prior to trial the prosecutor directed a witness not to testify about a series of telephone conversations between Nunn and Boyce which took place shortly before the stabbing. During these conversations, Boyce had allegedly threatened the defendant. Nunn contends that suppression of this evidence constituted misconduct and is sufficient grounds for a new trial. We cannot agree. Prosecutorial misconduct is a sufficient ground for reversal only when such conduct denies the defendant a fair trial. *State v. Gilroy*, 313 N.W.2d 513, 519 (Iowa 1981). Thus, in order to prevail, the defendant must show not only that misconduct existed, but also that it resulted in prejudice. *Id.* In reviewing the alleged claim of misconduct, we give deference to the trial court and will reverse the decision only upon a showing of abuse of discretion. *State v. Wright*, 309 N.W.2d 891, 893 (Iowa 1981). We find no error.

First, there has been no showing of misconduct. The defendant cites to the

rule of *Brady v. Maryland,* which provides:

> [S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.

373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963). What defendant's position ignores, however, is that this rule has been recognized to apply when information is discovered after trial "which had been known to the prosecution but *unknown to the defense.*" *U.S. v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342, 349 (1976) (emphasis added). Such is not the case here. The record reflects that defense counsel was aware of the telephone conversations. Thus, under *Agurs,* no misconduct can be said to exist.

■ Even assuming misconduct existed, we are inclined to agree with the trial court's conclusion that no prejudice existed since the evidence would have been cumulative. As defendant indicates, the record contains several references to the decedent's violent and threatening behavior. Moreover, during the trial, the victim's mother specifically testified about "an argument over the phone" between Nunn and Boyce. Thus, contrary to defendant's assertion, there was at least some reference to the telephone calls and their content. We conclude that prosecutor's alleged instruction to a witness not to testify about the telephone calls did not result in an unfair trial. We see no grounds for reversal of the lower court's decision.

### III. Ineffective Assistance of Counsel.

The defendant's final claim on appeal is that she received ineffective assistance of counsel. Specifically, Nunn claims trial counsel was ineffective in failing to call witnesses who would have established that the aforementioned telephone conversations took place between Nunn and Boyce on the day of the murder. Defendant alleges that Boyce threatened the defendant during the conversations, and consequently evidence of them should have been admitted at trial.

■ When a defendant relies on a specific act or omission to prove ineffective assistance of counsel, two conditions must be demonstrated: 1) counsel failed to perform an essential duty, and 2) prejudice resulted therefrom. *State v. Miles,* 344 N.W.2d 231, 234 (Iowa 1984). In *Miles,* the supreme court adopted the standard for prejudice set forth in *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816, 832 (1982). Essentially, the *Frady* standard requires the defendant to demonstrate not only "a *possibility* of prejudice, but that it worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (emphasis in original). *Id.* The *Miles* court quoted with approval the fifth circuit's application of this standard in *Washington v. Strickland:*

> The test for prejudice in *Frady* suggests the proper allocation of the burden of proof on the issue of prejudice. In order to sustain that burden, the petitioner must show that ineffectiveness of counsel resulted in actual and substantial disadvantage to the course of his defense. This burden is of sufficient magnitude to discourage the filing of insubstantial claims and to focus the attention of the district court on the actual harm suffered by the petitioner as a result of his counsel's performance. At the same time, the burden does not require the petitioner to produce evidence to which he is unlikely to have access. It also properly reserves for the state the ultimate burden of showing that any constitutional error that did occur was harmless beyond a reasonable doubt. Thus, even if the defense suffered actual and substantial disadvantage, the state may show in the context of all the evidence that it remains certain beyond a reasonable doubt that the outcome of the proceedings would not have been altered but for the ineffectiveness of counsel.

*Miles,* 344 N.W.2d at 234 (quoting *Washington v. Strickland,* 693 F.2d 1243, 1262

(5th Cir.1982), *rev'd*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

On review of the fifth circuit's decision, the United States Supreme Court enunciated this test for prejudice which is more stringent than the standard employed in the lower court decision: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, —— U.S. ——, ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). The Court further stated that "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 698.

Applying the *Strickland* standard in the present case, we find that, as a whole, the defendant had effective representation. In reaching this result, we need not determine whether counsel's performance was deficient, since defendant has failed to demonstrate the requisite prejudice. *See id.* at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. Nunn argues that testimony regarding the four life-threatening phone calls was critical since the calls occurred shortly before the murder. While the proximity in time to the murder may enhance the value of the evidence, the absence thereof did not work to Nunn's actual and substantial disadvantage or serve "to undermine confidence in the outcome" of the case. The record more than adequately reflects the violent nature of the victim, as well as the circumstances surrounding his death. We agree with the trial court that the additional testimony was not essential in order for the defendant to have a fair trial.

Finding defendant's assignments of error without merit, we affirm the trial court decision in all respects.

AFFIRMED.