**STATE of Iowa, Plaintiff–Appellee,**

v.

**William Edwin TONN,
Defendant–Appellant.**

**No. 88–216.**

Court of Appeals of Iowa.

March 16, 1989.

William L. Wegman, State Public Defender, and B. John Burns, Asst. State Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Ronald K. Noah, County Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant, William Edwin Tonn, was convicted of three counts of sexual abuse in the third degree in violation of Iowa Code sections 709.4(3) and (5). He appeals contending there was insufficient evidence to support his conviction and his trial attorney was ineffective in failing to object to certain testimony by a clinical psychologist. We affirm.

Defendant's case came to trial in 1988. The alleged victims were two young men. They testified for the State. They were about fifteen and sixteen when they testi-

fied. The young men related meeting defendant, a county maintenance employee, in early summer 1984 and visited him three or four times a week. After about three visits, defendant began showing them photographs in magazines of men and women engaging in sexual activity. They testified defendant displayed his erect penis and masturbated in their presence.

One young man testified they began having oral sex with the defendant one or two weeks after meeting him. The other young man denied any sexual activity until the next summer. The young men testified they began having anal intercourse with the defendant in the summer of 1986. One young man stated he terminated the relationship in late summer 1986.

Defendant agreed he met the young men in 1985 and they would visit him occasionally. Defendant denied all allegations of sexual activity with the young men. Defendant admits the testimony of the witnesses standing alone might generate a jury question but contends considering "all the evidence presented, not just that supportive of guilt," no rational jury could find defendant guilty.

On deposition both witnesses testified defendant's penis was circumcised. Defendant's personal physician testified defendant was uncircumcised. One witness testified in the many times he had observed defendant's buttocks while engaging in anal intercourse under good lighting conditions, he never noticed any tatoos, scars or other defects. Defendant's physician described defendant as having a scar on his buttocks from a surgically removed pilonidal cyst and also a marble-sized lesion. The lesion was displayed to the jury during defendant's testimony.

Defendant contends no rational finder of fact could hold an honest belief the alleged victims could have engaged in oral sex and anal sex with defendant, repeatedly over a period of three years, and not notice the scar and marble-sized lesion on defendant's buttocks or the fact that he was uncircumcised. Furthermore, defendant points out one witness testified many of the alleged acts occurred on a particular piece of carpeting supplied by defendant. A Department of Criminal Investigation Criminalist tested the carpet and was unable to find evidence of seminal fluid.

## I.

The test of whether defendant's conviction is supported by sufficient evidence is whether after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Robinson*, 288 N.W.2d 337, 339 (Iowa 1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979)). We apply the test in view of all the evidence presented, not just that supportive of guilt. *Robinson*, 288 N.W.2d at 340.

We review the record in a light most favorable to the State. *State v. Wheeler*, 403 N.W.2d 58 (Iowa App.1987). We make any legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). The test is whether the evidence is sufficient to withstand appellate scrutiny and support a verdict involves an inquiry as to whether the evidence is "substantial." *State v. Aldape*, 307 N.W.2d 32, 39 (Iowa 1981). Evidence meets the threshold criteria of substantiality if it is evidence which would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). We find the evidence to be substantial.

## II.

Defendant contends his trial attorney should have objected to certain testimony he contends was inadmissible under the dictates of *State v. Myers*, 382 N.W.2d 91 (Iowa 1986). The challenged testimony was given by a clinical psychologist of the Des Moines Child Guidance Center who testified as a witness for the State. She testified often child victims repeatedly expose themselves to abuse out of a lack of knowledge that the relationship is illegal or abusive. Occasionally, victims derive

pleasure from the relationship. She said in this specific case the children she interviewed did enjoy some aspects of their relationship with the person they have alleged abused them, and in the beginning did not really have the sense that what was going on was wrong; and as time went on became more aware of that.

We recognize the Iowa court has determined experts should not be allowed to give an opinion on matters that directly render an opinion on the credibility or truthfulness of a witness. *State v. Brotherton*, 384 N.W.2d 375, 378 (Iowa 1986); *Myers*, 382 N.W.2d at 97. But experts are generally allowed to express opinions on matters that explain relevant mental and physical symptoms present in sexually abused children. *See Myers*, 382 N.W.2d at 97. There is a fine but essential line between an opinion that is helpful to the jury and an opinion that merely conveys a conclusion concerning defendant's guilt. *See Myers*, 382 N.W.2d at 98; *State v. Horton*, 231 N.W.2d 36, 38 (Iowa 1975). We determine the opinion evidence could help the jury in understanding the evidence because it explained the delayed reporting symptom that existed in children who were sexually abused. We therefore do not determine it was necessarily inadmissible. *Brotherton*, 384 N.W.2d at 379. *See also State v. Petrich*, 101 Wash.2d 566, 575–76, 683 P.2d 173, 180 (1984) (court held it was not an abuse of discretion to allow testimony describing delayed reporting patterns of sexually abused children). We find no evidence of ineffective assistance of counsel. We affirm the conviction.

AFFIRMED.