**STATE of Iowa, Appellee,**

v.

**George FOX, Appellant.**

**No. 90–1287.**

Court of Appeals of Iowa.

Dec. 31, 1991.

Linda Del Gallo, State Appellate Defender, Rachele Hjelmaas and Brian K. Sissel, Asst. Appellate Defenders, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., John Sarcone, County Atty., and Odell McGhee, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

On December 15, 1989, the defendant, George Fox, was charged with sexual abuse in the second degree upon one minor child and indecent contact with another minor child. S.C., Fox's eleven-year-old granddaughter, alleged that during frequent visits to her grandparents' farm Fox would stick his tongue into her mouth when they kissed good-bye. S.C. further alleged that Fox touched and kissed her genitals. S.C. also alleged that Fox re-

quired S.C. and another minor, M.V., to fondle and kiss each other's genitals and that Fox touched their breasts. M.V. alleged that Fox did similar things to her on her visits.

On March 29, 1990, Fox filed a motion in limine to prohibit the testimony of the State's witness, Dr. Barbara Cavallin, regarding child abuse syndrome. Following a hearing, the trial court ruled that Dr. Cavallin would only be allowed to testify as to the reasons children delay in reporting child abuse. The court further ruled that Dr. Cavallin would not be allowed to testify concerning any consistency between the behavior of the complainant children and that of children who had been sexually abused.

On June 13, 1990, the State filed a motion in limine prohibiting Fox from inquiring into the childrens' prior sexual history or involvement in counseling. Defense counsel attempted to make a showing mandated by Iowa Rule of Evidence 412, to enable him to inquire into the victims' past sexual behavior. The trial court sustained the State's motion in limine and denied defense counsel's oral motion.

Trial was held on June 13, 1990. At trial, several child abuse investigators from the Department of Human Services testified. They stated that S.C. had described a number of incidents in which Fox had performed oral sex on S.C., fondled her genitals, penetrated her genitals with his finger, and required S.C. to fondle the genitals of M.V., another minor.

Fox testified that he would stick his tongue out in a "cow kiss" just to tease the girls. He denied all other allegations.

On June 15, 1990, the jury returned a verdict of not guilty on the charge of indecent contact but returned a verdict of guilty on the charge of sexual abuse in the second degree. On August 8, 1990, judgment was entered, and Fox was sentenced to a term of imprisonment not to exceed twenty-five years. He has appealed.

Fox argues the trial court erred in allowing expert testimony concerning the credibility and truthfulness of witnesses. Fox maintains that Dr. Cavallin's testimony was offered to prove the truthfulness, or bolster the credibility, of the childrens' statements.

Fox also contends his defense counsel was ineffective in failing to file a motion to offer evidence of past sexual conduct pursuant to Iowa Rule of Evidence 412(c)(1) and (2). Fox contends S.C. had on other occasions alleged incidents of sexual abuse, which were proven to be false. Because the credibility of the witnesses was the fighting issue, Fox contends defense counsel should have attempted to file a written motion. Fox contends the denial of the introduction of the childrens' past sexual history prevented him from receiving a fair trial and denied him the right of confrontation.

■ We preserve the defendant's second issue, the ineffective assistance of counsel claim, for postconviction relief proceedings in order to allow trial counsel an opportunity to defend the charge. *See State v. Mulder*, 313 N.W.2d 885 (Iowa 1981); *State v. Nebinger*, 412 N.W.2d 180 (Iowa App.1987). As such, we are presented with one issue for our review.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4. On this evidentiary issue, we review for an abuse of discretion. *State v. Halstead*, 362 N.W.2d 504, 506 (Iowa 1985). In order to show an abuse of discretion, one generally must show that the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 606, 326 A.2d 138, 140 (1974)). As we examine the trial court's ruling, we are mindful that "[t]he general rule in this jurisdiction is one of liberality in the admission of opinion evidence." *State v. Hummell*, 228 N.W.2d 77, 82 (Iowa 1975).

Rule 702, Iowa Rules of Evidence, provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may

testify thereto in the form of an opinion or otherwise.

Rule 704, Iowa Rules of Evidence, provides:

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

■ However, the admissibility of expert testimony is not without limitations. Experts should not be allowed to give an opinion which, in essence, passes on the guilt or innocence of the defendant. *State v. Myers*, 382 N.W.2d 91, 94–95 (Iowa 1986). Nor should experts be allowed to render opinions directly on the credibility or truthfulness of a witness. *State v. Tonn*, 441 N.W.2d 403, 405 (Iowa App. 1989) (citing *State v. Brotherton*, 384 N.W.2d 375, 378 (Iowa 1986)). Weighing the credibility and truthfulness of the witness is a function reserved exclusively for the trier of fact. *Myers*, 382 N.W.2d at 95.

■ Nevertheless, expert opinion evidence is admissible if it is helpful to the jury and bears on matters outside the realm of common knowledge and experience. *State v. Hines*, 223 N.W.2d 190, 192–93 (Iowa 1974). We recognize the fine nature of distinctions drawn between testimony which merely conveys a conclusion as to the credibility of a witness and testimony which is helpful to the jury. Such distinctions, however, must be drawn. *See State v. Johnson*, 224 N.W.2d 617, 622 (Iowa 1974) (fine but essential line between opinion which is truly helpful to jury and that which merely renders conclusion as to defendant's guilt). Accordingly, "experts are generally allowed to express opinions on matters that explain relevant mental and physical symptoms present in sexually abused children." *Tonn*, 441 N.W.2d at 405 (citing *Myers*, 382 N.W.2d at 97).

In *State v. Tonn*, the defendant argued on direct appeal that his counsel had rendered ineffective assistance in his defense. 441 N.W.2d at 404. Specifically, the defendant contended his trial attorney should have objected to expert testimony offered to explain the delayed reporting patterns of sexual abuse victims. *Id.* at 404–05. We held the expert testimony was helpful to the jury in aiding their understanding of other evidence in the case. *Id.* at 405. Accordingly, we held the evidence was admissible. *Id.* ("We therefore do not determine it was necessarily inadmissible."). In so holding, we cited with approval the Washington Supreme Court's decision in *State v. Petrich*, 101 Wash.2d 566, 575–76, 683 P.2d 173, 180 (1984). *See Tonn*, 441 N.W.2d at 405. In *Petrich*, the court held it was not an abuse of discretion to allow testimony describing the delayed reporting patterns of children who have been sexually abused. 101 Wash.2d at 575–76, 683 P.2d at 180.

■ In the present case, the defendant asserts the trial court erred in admitting the expert testimony of Dr. Cavallin regarding the criteria by which she verifies the truthfulness of sexual abuse allegations. Dr. Cavallin testified that in making her own determination of the authenticity of such allegations, she considers the degree of detail used in the story, the degree to which the child is willing to tell the story, and the physical evidence. Dr. Cavallin also explained the reasons for the delay by some children in reporting sexual abuse. The defendant argues that this testimony merely bolstered the credibility of the complaining witnesses. We disagree.

The defendant concedes that Dr. Cavallin was testifying about children in general. Dr. Cavallin made no assessments of the complainants' credibility, and none can be reasonably implied. Rather, Dr. Cavallin's testimony clearly served to help the jurors, themselves, evaluate the children's credibility. The list of considerations she offered, provided the jury with information foreign to the body of common knowledge. At the same time, the information was not specific in nature, referring not to the complainants, but rather, to sexually abused children in general.

We believe the expert testimony in this case fell well within the boundaries of rule 702, Iowa Rules of Evidence. As such, we find no abuse of the trial court's broad

discretion in admitting the evidence. We therefore affirm the trial court's ruling and the judgment of conviction.

For all the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.

HAYDEN, J., concurs.

SACKETT, J., specially concurs without opinion.