STATE of Iowa, Appellee,

v.

Stephen Andre TAYLOR, Appellant.

No. 92–1970.

Court of Appeals of Iowa.

Feb. 25, 1994.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., John P. Sarcone, County Atty., and James Ramey, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON, SCHLEGEL, SACKETT, and HABHAB, JJ.

DONIELSON, Judge.

At about 11:00 p.m. on June 25, 1991, Darryl Grady (a member of the Black Gangster Disciples) was shot and killed by a drive-by shooter. Following an investigation, terrorism and first-degree murder charges were filed against Lorenzo White, Melissa Walton, Darrick Hicks, and Stephen Taylor (all members of the Vice Lords). The county attorney later dismissed the charges against Lorenzo White because witnesses had changed their statements.

Hicks and Walton pleaded guilty to second-degree murder. The charges against Taylor proceeded to jury trial. Hicks and Walton testified they were in the car with Taylor and Taylor shot Grady. Both testified White was not in the car.

Johnny McCoy and Troy Hall testified they did not know who had shot at Grady but they earlier told police the shooter was

White. Chaun Maclin and Hammoribi Wilson, both members of the Black Gangster Disciples, testified they saw White in the car with a shotgun. Neither saw Taylor in the car. Officer James Rowley testified concerning his part of the investigation, including the apparent nervousness of Hicks and Walton when White's name was mentioned in relation to the shooting. He was not allowed to give his opinion the shooter was White, not Taylor.

Taylor testified that Lorenzo White was a leader of the Unknown Vice Lords. Taylor was a junior member of the Vice Lords. On June 25 White asked Taylor if he was ready for the next step in his initiation process—to go on his "mission." He testified he believed that he would be punished if he did not go along and the mission would involve White shooting to scare. Taylor said Walton drove, Hicks was in the front seat, and he and White were in the rear seat. Taylor testified he ducked down in the seat and he observed White firing the shotgun out the driver's side of the car. He did not know a person had been hit until police officers arrived and arrested White and Hicks. Taylor also testified he had not implicated White early in the investigation because he feared Vice Lords' retaliation.

Taylor was convicted of terrorism (relating to another shooting) and second-degree murder. He now appeals.

■ We review for correction of errors of law. Iowa R.App.P. 4. On evidentiary issues we review for an abuse of discretion. *State v. Halstead,* 362 N.W.2d 504, 506 (Iowa 1985). To show an abuse of discretion, an appellant must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor,* 132 Vt. 603, 606, 326 A.2d 138, 140 (1974)).

■ Appellant first asserts the trial court abused its discretion by refusing to admit certain testimony of Detective Rowley. We disagree. Iowa Rule of Evidence 704 states:

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ulti-mate issue to be decided by the trier of fact.

*Id.*

■ The admissibility of expert opinions, however, is not unlimited. *State v. Fox,* 480 N.W.2d 897, 899 (Iowa App.1991). Experts should not be allowed to give testimony which essentially passes on the guilt or innocence of the defendant. *State v. Myers,* 382 N.W.2d 91, 94–95 (Iowa 1986). Experts also should not be allowed to testify directly on the credibility of a witness. *State v. Tonn,* 441 N.W.2d 403, 405 (Iowa App.1989). The credibility or truthfulness of a witness is a determination solely for the trier of fact. *Myers,* 382 N.W.2d at 95.

■ The line between expert opinions which are helpful to the jury and those which express conclusions concerning the defendant's guilt or the credibility of a witness is fine, but essential. *See State v. Johnson,* 224 N.W.2d 617, 622 (Iowa 1974). It is within the court's discretion to determine on which side of the line the proffered opinion falls. When the trial court has exercised its discretion, we will reverse only if we find an abuse of discretion and prejudice. *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982); *State v. Hall,* 297 N.W.2d 80, 86 (Iowa 1980).

In evaluating the record before us, we conclude the trial court did not abuse its discretion by refusing to admit the expert opinion of Detective Rowley. The court correctly determined the opinion went directly to the credibility of witnesses and essentially passed on the guilt or innocence of the defendant.

■ Appellant next argues the evidence was insufficient to convict him of second-degree murder. We disagree. In reviewing the sufficiency of the evidence we will uphold the verdict of the jury if there is substantial evidence to support it. *State v. Conyers,* 506 N.W.2d 442, 444 (Iowa 1993). Evidence is substantial if it would convince a rational trier-of-fact the defendant is guilty beyond a reasonable doubt. *State v. Constable,* 505 N.W.2d 473, 478 (Iowa 1993). The verdict is binding unless it is clearly against the weight of evidence. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). When consid-

ering sufficiency of evidence challenges, we review the evidence in the light most favorable to the State. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). We review all the evidence, not just the evidence supporting the verdict. *Id.* All legitimate inferences and presumptions which can be deduced fairly and reasonably from the evidence are resolved in favor of the State. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). The evidence must do more than create speculation, suspicion, or conjecture. *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981).

▮ One of the elements of second-degree murder the State needed to prove is the defendant acted with malice aforethought. Iowa Code § 707.1 (1991). Malice aforethought is "a fixed purpose or design to do some physical harm to another which exists prior to the act committed." *State v. Nunn*, 356 N.W.2d 601, 603 (Iowa App.1984). The purpose need not exist for a long time. "It is sufficient if it exists at any time before the killing." *Id.* "Malice aforethought can be implied from the use of a deadly weapon accompanied by an opportunity to deliberate." *Id.*

▮ As we stated earlier, it is the province of the jury to assess the credibility of witnesses. *State v. Allen*, 348 N.W.2d 243, 247 (Iowa 1984). We give weight to the fact finder's assessment because the fact finder had the opportunity to observe the demeanor of the witnesses as they testify. *See Committee on Professional Ethics & Conduct v. O'Donohoe*, 426 N.W.2d 166, 168 (Iowa 1988); *In re Marriage of Webb*, 426 N.W.2d 402, 404 (Iowa 1988). The testimony of witnesses provides sufficient evidence of appellant's actions and words prior to the shooting which show the requisite intent. The jury could give more weight to that testimony than to appellant's. Taking the evidence in the light most favorable to the State, we conclude substantial evidence was introduced so that the jury could reasonably find appellant had the requisite malice aforethought and convict him of second-degree murder. We agree there is contrary evidence, but decline to substitute our judgment for that of the jury.

For the reasons stated, we affirm the judgment of the district court and affirm appellant's convictions.

**AFFIRMED.**

All Judges concur, except SACKETT and HABHAB, JJ., who specially concur.

SACKETT, Judge (specially concurring).

The testimony defendant sought to admit is in the record through the following offer of proof:

> MR. NICKERSON: The answer being, based on your experience and your investigation in this case and the experience I spoke of, specifically, experience as an investigating detective, what was your conclusion as to the identity of the person who shot Darryl Grady?
>
> OFFICER ROWLEY: Lorenzo White.

I do not agree with the majority that this opinion went directly to the credibility of witnesses and essentially passed on the guilt or innocence of the defendant.

It is clear a witness should not be permitted to express an opinion as to the ultimate fact of the accused's guilt or innocence. *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975). The rationale of the rule was set forth in *Grismore v. Consolidated Products. Co.*, 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942), as follows:

> But the reason is that such matters are not subjects of opinion testimony. They are mixed questions of law and fact. When a standard, or a measure, or a capacity has been fixed by law, no witness, whether expert or nonexpert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct in question measures up to that standard. On that question the court must instruct the jury as to the law, and the jury must draw its own conclusion from the evidence.

If the officer had said, "Based on my investigation it is my opinion beyond any reasonable doubt the defendant is not guilty of second-degree murder," then I would agree with the majority. All the officer did was offer an opinion as to who shot the gun. The

42

officer is testifying as to one fact only. The fact White shot a gun does not establish anyone's innocence or guilt nor is it an opinion of innocence or guilt. It is only the opinion of the officer as to one fact. *State v. Olsen*, 315 N.W.2d 1, 6–7 (Iowa 1982) (officer's testimony defendant's possession of notebook and six separate bags of marijuana fit method of operation of person selling marijuana for profit); *State v. Knudtson*, 195 N.W.2d 698, 699–701 (Iowa 1972) (in burglary case officer's opinion tools found at scene and in defendant's care were type of tools that could be used in burglary); *State v. Jiles*, 258 Iowa 1324, 1328–32, 142 N.W.2d 451, 454–56 (1966) (opinion of FBI agent in his opinion a weapon was three or four feet from the victim when the shot was fired and fatal bullet came from a certain revolver was admissible).

In *State v. Murphy*, 451 N.W.2d 154 (Iowa 1990), the following question in an operating a vehicle while intoxicated case was asked:

Q. Based upon your observations and the tests that you had performed upon Mr. Murphy, . . . did you make a determination as to whether he was under the influence of an intoxicant? A. It was my belief that he was under the influence and impaired.

*Id.* at 155.

The court affirmed the trial court's denial of defendant's motion to strike and affirmed on appeal even though defendant argued it amounted to an impermissible expression of the officer's opinion on the ultimate issue of guilt.

The court in *Murphy*, said, "it has long been held that a witness, either lay or expert,

may testify to an 'ultimate fact which the jury must determine'" and said a contrary rule would lead to the absurd result of potentially excluding the most relevant testimony available. *Id.* at 156. The court went on to say that is not to say a witness may be permitted to testify regarding a defendant's guilt or innocence and testimony about the legal standard of proof, combined with a recitation of the elements of the offense, clearly would invade the province of the jury. *Id.*

Nor did the statement say a witness was or was not telling the truth. It just said that after the officer made an investigation he determined, "White shot the gun."

I concur though with the majority. We are bound to affirm the trial court for any reason whether argued or not. *See State v. Vincik*, 436 N.W.2d 350, 354 (Iowa 1989). I find the foundation for the opinion to be such that the trial court was justified in refusing to admit the opinion.

HABHAB, Judge (specially concurring).

I concur in all respects with the majority opinion except the part that relates to the testimony of Officer Rowley. As to that part of the opinion, I concur only in the result reached.