# IN THE COURT OF APPEALS OF IOWA

No. 18-1814
Filed January 9, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KYLE LEONARD TJADEN,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Kyle Tjaden appeals the judgment and sentence entered after pleading guilty to two counts of possession of a controlled substance and one count of fourth-degree theft. **AFFIRMED.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Kyle Tjaden appeals the judgment and sentence entered after pleading guilty to two counts of possession of a controlled substance and one count of fourth-degree theft.[1]  He contends he received ineffective assistance of counsel.[2]  We review claims of ineffective assistance of counsel de novo.  *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

To succeed on a claim of ineffective assistance, a defendant must show counsel breached a duty and prejudice resulted.  *See id.*  The claim fails if the defendant fails to prove either ground.  *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).   In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

Tjaden first argues his counsel was ineffective by allowing him to plead guilty to the possession charges without a factual basis.  If counsel allows a defendant to plead guilty without a factual basis, counsel has breached a duty and we presume the defendant was prejudiced.  *See Rodriguez*, 804 N.W.2d at 849. The question is whether "the record before the district court as a whole supports a

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).

[2] Our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of-counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019.  *See Macke*, 933 N.W.2d at 235.

factual basis for each element of the offense." *State v. Brown*, 811 N.W.2d 180, 183 (Iowa Ct. App. 2018).

Tjaden claims his plea lacks a factual basis because it lists the incorrect date of possession. But the required elements for possession of a controlled substance are dominion and control of a controlled substance, knowledge of its presence, and knowledge that the material is a narcotic. *See State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008). Tjaden's plea admits that he "did knowingly possess marijuana and methamphetamine," which encompasses the elements of the offense. The error in date is inconsequential. *See State v. Hatcher*, No. 00-0960, 2001 WL 1658757, at *2 (Iowa Ct. App. Dec. 28, 2001) (rejecting a defendant's challenge to the sufficiency of the evidence supporting his conviction for unlawful manufacture of methamphetamine based on the date of manufacture stated in the jury instructions because the date of the crime's commission "is not material" (quoting *State v. Brown*, 400 N.W.2d 74, 77 (Iowa Ct. App. 1986))). His claim thus fails.

Tjaden also contends the district court failed to advise him of the maximum possible penalty he faced if the court ordered him to serve consecutive sentences. *See* Iowa Rule of Crim. P. 2.8(2)(b)(2). Tjaden did not move in arrest of judgment, which normally bars a challenge to a guilty plea on appeal. *See* Iowa Rule of Crim. P. 2.24(3)(a). But it does not bar a defendant from raising the issue if it results from ineffective assistance of counsel. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Tjaden claims his trial counsel was ineffective in failing to address the matter before the court accepted his plea. *See id.* at 134 (stating counsel's failure to bring to the court's attention its departure from the requirements of rule

2.8(2)(b) before accepting a guilty plea is a breach of an essential duty). The State does not challenge Tjaden's claim on this basis but argues Tjaden cannot show a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. Our supreme court has observed the difficulty in resolving these claims on direct appeal. *See id.* at 138 ("Under the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us. . . . This case exemplifies why claims of ineffective assistance of counsel should normally be raised through an application for postconviction relief. In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing."). So we preserve it and any other claims for postconviction relief. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

**AFFIRMED.**